

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-5920
Re: Is the Lower Neches Valley
Authority exempt from the
payment of taxes for local
maintenance of Rosedale
Independent School District?

We thank you for your brief submitted in your letter
of March 7 in which you propound the following questions:

"1. Is the Lower Neches Valley Authority
exempt from payment of taxes for Local Mainte-
nance of Schools of Rosedale Independent School
District?

"2. Is the Lower Neches Valley Authority
exempt from payment of taxes for Interest and
Sinking Fund on outstanding bonded indebtedness
of Rosedale Independent School District at the
time of the creation of the LNVA?

"3. May the voters of Rosedale Independent
School District authorize a tax rate for Local
Maintenance and Interest and Sinking Fund in
excess of $1.00 per hundred valuation?"

Art. VIII, Sec. 2, Constitution of Texas, provides
that "the Legislature may, by general laws, exempt from taxa-
tion public property used for public purposes."

Art. 7150, V.A.C.S., provides as follows:

Honorable Shelby K. Long, Page 2

"The following property shall be exempt from taxation, to wit:

"4a. Districts and Authorities, property of; payments in lieu of taxes.--All property real or personal belonging exclusively to Districts and Authorities created directly by Acts of the Legislature pursuant to Article XVI, Section 59, of the Constitution as agencies of the State of Texas, and all property real or personal belonging exclusively to Districts and Authorities created or incorporated under laws enacted pursuant to Section 59, Article XVI of the Constitution; provided that if any such District or Authority has heretofore acquired or does hereafter acquire property which at the time of such acquisition is or was then subject to taxation, and is at the time of its acquisition being used for generating, transmitting, and distributing electric energy or power, such District or Authority shall at the times prescribed by law for the payment of ad valorem taxes make a payment in lieu of taxes to the State of Texas and to the county, city, and such taxing districts within which such property is situated; such payment in lieu of taxes to be in the amount which would be realized by levying an ad valorem tax at the current rate for the then current tax year based on the assessed value of such property for the last current tax year before being acquired by such District or Authority; provided further that no payment shall be made with respect to any property no longer owned by such District or Authority for generating, transmitting, or distributing electric energy or power. Such payment in lieu of taxes shall be made out of the revenues received by such District or Authority from the generation, transmission, or distribution of electric power and energy and the liability for same shall constitute a lien or encumbrance only on the Revenues of such District or Authority, and shall be considered as a part of the operating expenses. Specifically, no payments shall be made in lieu of taxes with respect to dams, dam sites, reservoir areas, and water distributing or irrigation systems. It is the expressed legislative intent of this Act that such Districts or Authorities make payments in

Honorable Shelby K. Long, Page 3

lieu of taxes only with respect to properties
which at the time of their acquisition were on
the ad valorem tax rolls of the State of Texas
or of any county, city, or any other taxing Dis-
trict of the State of Texas and which at the
time of the acquisition were being used for gen-
erating, transmitting, or distributing electric
power and energy; provided further that it is
the expressed legislative intent that no payments
shall be made in lieu of taxes with respect to
dams, dam sites, reservoir areas, and water dis-
tributing or irrigation systems, belonging to
any such Authority or District.

The Lower Neches Valley Authority is a governmental
agency, body politic and corporate created under Art. XVI,
Sec. 59, Constitution of Texas, and the Enabling Act of the
Legislature pursuant thereto, appearing as Acts 1933, 43rd
Leg., 1st C.S., p. 169, Ch. 63, as amended by Acts 1934, 43rd
Leg., 4th C.S., Ch. 17, and Acts 1941, 47th Leg., R.S., Ch.
570. This amendment, known as the "Conservation Amendment"
provides for the creation of conservation and reclamation dis-
tricts as follows:

"Sec. 59a. The conservation and development
of all of the natural resources of this State, in-
cluding the control, storing, preservation and dis-
tribution of its storm and flood waters, the waters
of its rivers and streams, for irrigation, power
and all other useful purposes, the reclamation and
irrigation of its arid, semi-arid and other lands
needing irrigation, the reclamation and drainage
of its overflowed lands, and other lands needing
drainage, the conservation and development of its
forests, water and hydro-electric power, the navi-
gation of its inland and coastal waters, and the
preservation and conservation of all such natural
resources of the State are each and all hereby de-
clared public rights and duties; and the Legisla-
ture shall pass all such laws as may be appropriate
thereto:

"(b) There may be created within the State of
Texas, or the State may be divided into, such number

of conservation and reclamation districts as
may be determined to be essential to the accomplishment of the purposes of this amendment to
the constitution, which <u>district shall be governmental agencies and bodies politic and corporate
with such powers of government and with the authority to exercise such rights, privileges and
functions concerning the subject matter of this
amendment as may be conferred by law.</u>" (Emphasis added.)

The above cited act creating the Lower Neches Valley Authority declares in Section 1 thereof the nature and purposes of the authority to be as follows:

"Sec. 1.   There shall be and is hereby
created a conservation and reclamation district
by the name of 'Lower Neches Valley Authority',
which district is created as a governmental
agency, body politic and corporate, vested with
all the authority as such under the Constitution
and Laws of this State; and which shall have and
be recognized to exercise all of the powers of
such governmental agency and body politic and
corporate as are expressly authorized in the provisions of the Constitution, Section 59 of Article 16, for districts created to conserve, store,
control, preserve, utilize and distribute the storm
and flood waters and the waters of the rivers and
streams of the State, and such powers as may be contemplated and implied by the purposes of this provision of the Constitution, and as may be conferred
by General Law, as well as by the provisions of
this Act, except nothing herein contained shall
authorize said district to levy any taxes or special assessments, or to create any debt payable
out of taxation; and said district shall have and
be recognized to exercise all the rights and powers
of an independent governmental agency, body politic and corporate, to construct, maintain and operate, in the valleys of the Neches River and its
tributaries, within or without the boundaries of

Honorable Shelby K. Long, Page 5

such district, any and all works deemed essential to the operation of the district and for its administration in the control, storing, preservation and distribution to all useful purposes of the waters of the Neches River and its tributary streams, including the storm and flood waters thereof; and such district shall have and be recognized to exercise such authority and power of control and regulation over such waters of the Neches River and its tributaries as may be exercised by the State of Texas, subject to the provisions of the Constitution and the Acts of the Legislature."

In the light of the foregoing constitutional and statutory provisions the conclusion is inescapable that the Lower Neches Valley Authority is an Authority created directly by act of the Legislature pursuant to Article XVI, Section 59, of the Constitution as an agency of the State of Texas within the tax exemption granted in Art. 7150, Subdiv. 4a, V.A.C.S., and consequently exempt from taxation for local maintenance and for interest and sinking fund on outstanding bonded indebtedness of Rosedale Independent School District. Since you state that none of the property of the Authority was at the time of its acquisition being used for generating, transmitting, and distributing electric energy or power, the Authority is not obligated by Subdiv. 4a, Art. 7150, V.A.C.S., to make payments in lieu of taxes to the school district, but is specifically exempt therefrom by the following language: "It is the expressed legislative intent that no payments shall be made in lieu of taxes with respect to dams, dam sites, reservoir areas, and water distributing or irrigation systems, belonging to any such authority or District." Your questions one and two are therefore answered in the affirmative.

We are enclosing a copy of Opinion No. 0-5433 which disposes of your third question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*

Fagan Dickson
Assistant

By *Virginia Noel*

Virginia Noel

VN:ff